# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JULIE MARTIN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11876-WBV-MBN** |
| **DEPARTMENT OF CHILDREN AND FAMILY SERVICES, ET AL.** | **SECTION: "D" (5)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand, filed by plaintiffs, Julie Martin, individually and as wife of Jason Mitchell, and Jason Mitchell, individually and as administrator of the estate of the minor children A.M. & C.M.[1] The Motion is opposed.[2] After considering the briefs submitted by the parties and the applicable law, for the reasons expressed below, the Motion to Remand is **DENIED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

Julie Martin, individually and as wife of Jason Mitchell, and Jason Mitchell, individually and as administrator of the estate of the minor children A.M. and C.M. ("Plaintiffs"), filed a Petition for Damages in the Twenty-Second Judicial District Court for the State of Louisiana on June 25, 2019, naming as defendants the State of Louisiana through the Department of Children and Family Services ("DCFS"), and three DCFS employees, Delaunda Dykes Bordelon, Jessica Gilbert, and Danielle

---

[1] R. Doc. 5.
[2] R. Doc. 7.

Trosclair, in their individual and official capacities.[3]  Plaintiffs allege that their two minor children were taken into the custody of DCFS on or about September 25, 2018 after one of the minor children made a disclosure of sexual abuse by her father, Jason Mitchell.[4]  Plaintiffs allege that DCFS tried to permanently remove the minor children from Plaintiffs' home after determining that the allegation of abuse was valid, even after DCFS received copies of text messages allegedly showing that the child admitted that she lied about the claim and that "he didn't do anything."[5] Plaintiffs appealed the decision of DCFS in state court, and on March 12, 2019, the decision was reversed.[6]

Plaintiffs subsequently filed this action alleging violations of 42 U.S.C. § 1983.[7] On July 25, 2019, Delaunda Dykes Bordelon and Jessica Gilbert, through the Louisiana Attorney General, filed a Notice of Removal, alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[8]  Specifically, Defendants assert that Plaintiffs' Petition for Damages alleged a violation of federal law, 42 U.S.C. § 1983.

On August 23, 2019, Plaintiffs filed a Motion to Remand, asserting that the Notice of Removal was procedurally defective under 28 U.S.C. §§ 1441(c)(1) and (c)(2), and because DCFS did not join in the removal and did not clearly and expressly waive its 11th Amendment immunity.[9]  Plaintiffs first allege that Defendants failed to

---

[3] R. Doc. 1-5.
[4] *Id.* at ¶¶ 7, 8.
[5] *Id.* at ¶¶ 12, 14.
[6] *Id.* at ¶ 15.
[7] R. Doc. 1-5.
[8] R. Doc. 1.
[9] *Id.*

obtain the consent of Danielle Trosclair for the removal, claiming that, "The failure to file on behalf of Ms. Trosclair or get her consent is inexcusable despite proper service not being obtained."[10]  Plaintiffs argue that, "The attempted service on Ms. Trosclair and the State's awareness of suit against one of its employees is effective for purposes of triggering the consent requirement of the rule of unanimity."[11] Plaintiffs further argue that the State of Louisiana has not timely waived its 11th Amendment immunity for this Court to have subject matter jurisdiction.[12]  Plaintiffs note that the State of Louisiana, through DCFS, was served with the state court Petition on July 19, 2019, and that Gilbert and Bordelon were served on July 9, 2019.[13]  Relying upon La. R.S. 13:5106, Plaintiffs assert that suits against the State of Louisiana or a state agency shall not be instituted in any court other than a Louisiana state court, and that the State has failed to clearly and expressly waive its 11th Amendment immunity to suit in federal court.[14]

Defendants oppose the Motion to Remand, arguing that removal was proper and that Plaintiffs misunderstand both the rule of unanimity and the requirement of an authorized and clear expressed waiver of immunity.[15]  Regarding Plaintiffs' argument that Defendants failed to obtain the consent of Trosclair, the non-served defendant, Defendants argue that consent is only required by those defendants, "(1) who have been served; and, (2) whom the removing defendant(s) actually knew or

---

[10] R. Doc. 5 at p. 3.
[11] *Id.* at p. 4.
[12] *Id.* at pp. 4-6.
[13] *Id.* at p. 6.
[14] *Id.* at p. 6.
[15] R. Doc. 7.

should have known had been served."[16]  Defendants assert that they did not need to obtain Trosclair's consent to removal because Trosclair had not been served when the Notice of Removal was filed.  Defendants concede that while service was attempted on Trosclair at DCFS, service could not be effectuated because it was attempted at an office where Trosclair did not work and, therefore, she was not there to accept service.[17]

Defendants further assert that DCFS was not properly served at the time of removal and, therefore, its consent was also not required.  Citing 28 U.S.C. 1446 (b)(2)(A), Defendants argue that, "the clear language and meaning of the removal statutes indicate that consent of non-served defendants is not required for removal."[18]  Defendants point to La. R.S. 39:1538(4), which provides that, "process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107."[19]  Defendants assert that, pursuant to these statutes, Plaintiffs must obtain service on the following three agents to perfect service on DCFS: (1) the Secretary of DCFS; (2) the Louisiana Attorney General; and (3) the Office of Risk Management.[20]  Defendants assert that Plaintiffs failed to serve DCFS because they have only served the Louisiana Attorney General.[21]  Defendants also point out that Plaintiffs' argument that the State of Louisiana has not consented to the removal is academic because Bordelon and Gilbert

---

[16] R. Doc. 7 at p. 3 (quoting *Mistead Supply Co. v. Casualty Ins. Co.* 797 F. Supp. 569, 573 (W.D. Tex. July 31, 1992)) (internal quotation marks omitted).
[17] R. Doc. 7 at p. 5.
[18] *Id.* at p. 3.
[19] *Id.* at p. 5
[20] *Id.*
[21] *Id.* at p. 6.

consented to the removal for the State of Louisiana, since they were each sued in their

official capacities.[22]   Defendants contend that a suit against the official is a suit

against the official's office and, as such, is no different from a suit against the State

itself.[23]   Defendants argue that the State of Louisiana consented to the removal

through the actions of its officers, Bordelon and Gilbert, who were sued in their

official capacities and consented to the removal by filing the Notice of Removal.

Regarding Plaintiffs' argument that the State failed to waive its 11th

Amendment immunity to suit in federal court, Defendants distinguish the State's

sovereign immunity from its 11th Amendment immunity.[24]   Relying upon Supreme

Court precedent, Defendants argue that by removing suits to federal court, States

waive their 11th Amendment immunity to suits for damages in federal court (i.e.,

waiver by removal).[25] Citing *Meyers v. Texas*, Defendants explain that, "[A] sovereign

enjoys two kinds of immunity that it may choose to waive or retain separately---

immunity from suit and immunity from liability."[26]   The Fifth Circuit in *Meyers*

further held that

> [T]he Constitution guarantees a state's prerogative, by its
> own law, to treat its immunity from liability as separate
> from its immunity from suit for purposes of waiver or
> relinquishment. For these reasons, we conclude that the
> Constitution permits and protects a state's right to
> relinquish its immunity from suit while retaining its

---

[22] *Id.*

[23] *Id.* (quoting *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)) (quotation marks omitted).

[24] R. Doc. 7 at pp. 7-8.

[25] *Id.* at p. 7 (citing *Lapides v. Bd. Of Regents*, 535 U.S. 613,122 S.Ct. 1640,  152 L.Ed.2d 806 (2002); *Meyers v. Texas*, 410 F.3d 236, (5th Cir. 2005) *cert denied* 550 U.S. 917, 127 S.Ct. 2126, 167 L.Ed.2d 862 (2007)).

[26] R. Doc. 7 at p. 8 (quoting *Meyers v. Texas*, 410 F.3d 236, 252-53) (internal quotation marks omitted).

immunity from liability, or vice versa, but that it does not require a state to do so.[27]

## II. LAW AND ANALYSIS

### A. Removal was not defective for lack of unanimous consent by defendants.

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[28] "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."[29] If consent of all served defendants is not timely obtained, the removal is procedurally defective.[30] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[31] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[32] Remand is proper if at any time the court lacks subject matter jurisdiction.[33]

In this matter, Plaintiffs argue that removal was procedurally defective because the Defendants failed to obtain consent to the removal from all of the named defendants, namely Trosclair. Plaintiffs assert that the State of Louisiana was served

---

[27] R. Doc. 7 at p. 8 (quoting *Meyers*, 410 F.3d at 255) (internal quotation marks omitted).
[28] 28 U.S.C. § 1441(a).
[29] 28 U.S.C. § 1446(b)(2)(A).
[30] *Doe v. Kerwood*, 969 F.2d 165, 167-69 (5th Cir. 1992); *see also Wade v. Fireman's Fund Ins. Co.,* 716 F. Supp. 226, 231 (M.D. La. 1989) ("The failure of all defendants to timely join in removal does not deprive the Court of jurisdiction over the subject matter and constitutes a procedural defect that can be waived by the plaintiff.").
[31] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[32] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[33] *See* 28 U.S.C. § 1447(c).

with the state court Petition through DCFS on July 19, 2019, and that Gilbert and Bordelon were served on July 9, 2019. Plaintiffs further assert that Trosclair, though not served, is an employee of the State of Louisiana and, therefore, was on notice of the suit. Defendants, who bear the burden of proving that removal was proper, assert that: (1) DCFS was not properly served as required under state law; and (2) all defendants who were properly served at the time of removal consented to the removal. Defendants note that Plaintiffs concede that service was attempted, but not perfected, on Trosclair. As a result, Defendants argue that Trosclair was not properly served and was not required to consent to the removal. Under 28 U.S.C. § 1446(b)(2)(A), "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." This action was removed pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1443. As such, the Court's inquiry focuses on whether all of the defendants who were properly joined and served at the time of removal consented to the removal.

The record reflects that the Notice of Removal was filed by the Louisiana Attorney General, Delaunda Dykes Bordelon and Jessica Gilbert on July 25, 2019.[34] The record also reflects proof of service on the Louisiana Attorney General on behalf of DCFS on July 19, 2019,[35] and proof of service on Bordelon and Gilbert on July 9, 2019.[36] The record further reflects that service was attempted, but not perfected, as to Danielle Trosclair on July 9, 2019.[37] There are no other defendants in this matter.

---

[34] R. Doc. 1.
[35] R. Doc. 5-3.
[36] R. Docs. 5-4 & 5-5.
[37] R. Doc. 4-5.

Because the record establishes that Plaintiffs had not served Trosclair at the time of removal on July 25, 2019, her consent was not required to removal this suit.

Additionally, Defendants assert that the service made on the Louisiana Attorney General was insufficient to effectuate proper service on DCFS under La. R.S. 39:1538(4) and 13:5107(A)(1) and, therefore, its consent was not required. The Court agrees, as the record establishes that Plaintiffs did not properly serve DCFS. The Court also notes, and agrees with, Defendants' argument that the consent of DCFS may be academic, since Gilbert and Bordelon, both of whom are employees of the State through DCFS, were sued in their official capacities. The Supreme Court has held, "Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . As such, it is no different from a suit against the State itself."[38] Accordingly, the Court finds that Plaintiffs' argument that the removal was procedurally defective for lack of unanimity lacks merit.

## B. Removal was not defective for lack of the State's waiver of 11th Amendment Immunity.

Plaintiffs next argue that removal was procedurally defective since the State of Louisiana failed to waive its 11th Amendment immunity to suit in federal court. In *Lapides v. Board of Regents of University System of Georgia*, the Supreme Court agreed to decide whether "a state waive[s] its Eleventh Amendment immunity by its affirmative litigation conduct when it removes a case to federal court."[39] Like in this

---

[38] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).
[39] 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002).

case, the plaintiff in *Lapides* named the state of Georgia as a defendant in a case filed in state court, and the State of Georgia removed the case to federal court. Upon review, the Supreme Court held, "This Court consistently has found a waiver [of 11th Amendment immunity] when a State's attorney general, authorized (as here) to bring a case in federal court, has voluntarily invoked that court's jurisdiction."[40] Further, the Fifth Circuit has expressly held that, "[W]e believe that *Lapides*'s interpretation of the voluntary invocation principle, as including the waiver-by-removal rule, applies generally to any private suit which a state removes to federal court."[41]

Such is the case here. The record reflects that the Louisiana Attorney General, along with Bordelon and Gilbert, filed a Notice of Removal on July 25, 2019, invoking this Court's jurisdiction.[42] Thus, the Court agrees with Defendants that when Bordelon and Gilbert removed this suit to federal court in their official capacities as DCFS employees, it constituted a valid waiver of State of Louisiana's 11th Amendment immunity from suit in federal court for money damages. The Court further finds that Plaintiffs' reliance on La. R.S. 13:5106 is misguided. That statute provides that, "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."[43] This suit was instituted in a Louisiana state court and, thereafter, removed to federal court by the State. As such, the Court finds Plaintiffs' argument that the State has failed to clearly and expressly waive its 11th Amendment immunity is without merit.

---

[40] *Id.*
[41] *Meyers v. Texas*, 410 F.3d 236, 242 (5th Cir. 2005).
[42] R. Doc. 1.
[43] La. R.S. 13:5106.

## III.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion

to Remand[44] is **DENIED.**

New Orleans, Louisiana, March 18, 2020.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[44] R. Doc. 5.